IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES AMMONS AND GAIL AMMONS, *
                                              *
    Plaintiffs,                                *
                                              *
Vs.                                                *      Civil Action   21-367-JB-N
                                              *
TRAVELERS PERSONAL INSURANCE  *
COMPANY, ET AL.,                      *
                                              *
    Defendants.                         *

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF TWILA RICHARDSON**

COME NOW, the Plaintiffs, in the above styled cause, by and through their attorney, ROBERT D. (BO) KEAHEY, JR. and file this Reply to Defendant's Response to Plaintiffs' Motion to Exclude Expert Testimony of Twila Richardson and states as follows:

1. As expected, the Defendant's response states that Ms. Richardson is qualified to testify as an expert and that her opinions are reliable. However, based upon Ms. Richardson's own testimony and the law she is due to be excluded as an expert.

2. First, Ms. Richardson has never inspected the subject home made the basis of this lawsuit. The Defendant's response is that an inspection is not necessary and relies upon the case of *Clay v. Ford Motor Co.,* 215 F.3d 663 (6th Cir. 2000). However, the expert in *Clay* did in fact inspect the accident scene. *Id.* at 668 ("…visiting the accident site the day before he testified").

3. In *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137 (1999), the United States Supreme Court held that the trial court did not abuse its discretion in its application of *Daubert* to exclude tire failure analyst's expert testimony that particular tire failed due to manufacturing or design defect. The court stated in *Kumho* that the expert's initial conclusions were based on

photographs, although he did eventually inspect the tire. See also, *Mama Jo's Inc. v. Sparta Insurance Company*, 823 Fed.Appx. 868, 878 (11th Cir. 2020) (expert excluded because "his methodology was simply observation and a review of photographs").

4.  In *W.J. v. Liquid Transport Corporation*, 2018 WL 3432532 (S.D. Ala. 2018) the court granted Defendant's motion to exclude Plaintiff's expert because the expert did not perform a scene inspection and solely relied upon photographs. The Plaintiff in *W.J.,* in arguing against exclusion of his expert, attempted to make the same argument that Defendant is making in this case, *i.e.,* an experts methodology of relying upon photographs alone is dependable. *Id.* at 8. Plaintiff in *W.J.* relied upon the case of *Travelers Prop. Casualty Co. of America v. All-South Subcontractors, Inc*., 2018 WL 1787884 (S.D. Ala. Apr. 13, 2018), but as pointed out by the court, the expert in *Travelers* did an inspection of the warehouse and recorded measurements. *Id.* at 8. Therefore, the court held that an inspection is required in order for the opinion to comply with *Daubert* and thus, excluded Plaintiff's expert.

5.  In the present case, the proposed expert, Ms. Richardson, has never inspected the subject home. Moreover, her own testimony proves that her opinions are unreliable and incomplete without an inspection. Consider the following deposition testimony from her:

> Q: Okay. Your report also states that you would have to determine whether the paint on the doors was just scratched or the wood was damaged.
>
> **A: Yes, sir.**
>
> Q: Did you ever make that determination?
>
> **A: No, sir. I did not personally inspect the doors.**
>
> Q: And is that what you were saying in your report as that in order to make the determination, you would need to go physically inspect the property?

> **A:** **Yes, sir.**
>
> Q: Were you prevented from physically inspecting the property?
>
> **A:** **No, sir.**

(Ex. "A", Richardson depo. p. 31).

Ms. Richardson admits that it is necessary to physically inspect the property for her to render an opinion. However, she has not done so. Moreover, one of the major issues with the subject home is the awful smell from all of the dog feces and urine. Ms. Richardson when questioned about the smell of the home stated that she did NOT know what the home smelled like. (*Id.* at 23). So, Ms. Richardson cannot even provide an opinion about the smell of the home or the damage done to the home based upon her own testimony because she failed to inspect it.

6. Ms. Richardson goes further in her testimony to explain that her opinions are based **solely** off of some photographs and that she did not even read the deposition testimony of the other witnesses before forming her opinions:

> Q: Okay. And did you rely upon those depositions in – how the testimony in those depositions in forming your opinions?
>
> **A:** **I didn't read them before I wrote my report.**
>
> Q: Okay. Okay. So your opinions were formed before you read the depositions?
>
> **A:** **Yes, sir. Based off of the pictures that I saw.**
>
> Q: So basically your report and your opinions are based solely off of the photographs?
>
> **A:** **Yes, sir.**

(Richardson depo. p. 42, 43).

Ms. Richardson goes on to testify that she doesn't know that she has a clear personal definition of vandalism, but, "I know when I see it, so to speak." (*Id.* at 95). The problem here is she never saw it because she never inspected it.

7. The Defendant asserts that Ms. Richardson's methodology is reliable. This is almost laughable since the only thing that she did was look at some photographs and the photographs are the sole basis for her opinions. As we know anyone in the world can look at some photographs but that alone is not a reliable methodology which meets the *Daubert* standard for expert testimony.

8. The Defendant argues that Ms. Richardson's testimony wherein she stated, "No, sir. Rental homes are not my area of expertise" is taken out of context and that Ms. Richardson was only referring to the "costs of repairs" to rental homes. (Defendant's Response, p. 6). However, the Defendant's argument must fail because Ms. Richardson actually testified as follows:

> Q: Okay. Have you ever managed any rental homes as opposed to apartments?
>
> **A: I once owned a trailer that I rented out for a couple of years, and my husband and I had a condo in Gulf Shores that we had on a rental program.**
>
> Q: What about a residential type home?
>
> **A: Just the small trailer.**

(Richardson depo. p. 11).

Moreover, Defendant's argue that Ms. Richardson is not an expert regarding costs of repairs, however, she provides plenty of testimony regarding repair costs for apartments. The truth is that she simply doesn't know anything about rental homes. Consider her following testimony:

  **A.**  **Can I give a range?**

  Q:  Sure.

  **A:**  **Okay. Including panting the unit, cleaning carpets, if necessary - - okay? And the checklist that my maintenance men perform just routine, you know, making sure the locks are changed for starters, any leaks are fixed - - drips or anything like that in an average unit. I would say - - just routine? $750, and it can go as high as $1200, $1300, if there's faucets to repair, toilet flappers, those sort of things. But, again, we paint almost every unit that turns over. I send my crew in to get everything ready.**

  Q:  Okay. And those estimates you just provided, that would be on a yearly basis?

  **A:**  **It would be on a turnover basis.**

  Q:  Okay. So if the renter stayed there tow years - -

  **A:**  **That's all ive got in it.**

  Q:  You would expect the $750 to $1200 range?

  **A:**  **Most likely.**

  Q:  Okay. Do you expect the repair cost to be more or less than what the rental income for the apartment is?

  **A:**  **Oh, absolutely less. You coulnd't stay in business if it was more than your income.**

(Richardson depo. pp. 17, 18).

So, obviously Ms. Richardson does have opinions regarding "costs of repairs" just not in regard to rental homes because she has never been involved with any rental homes.

  9.  The Defendant argues that Ms. Richardson was able to form an expert opinion after applying her knowledge to the photographs. The problem, as shown from the above testimony, is that Ms. Richardson does not have any knowledge regarding rental homes and certainly not reliable knowledge about the subject home since she never inspected it.

## **CONCLUSION**

Ms. Richardson is simply not qualified to provide an expert opinion regarding rental homes. Moreover, the methodology (*i.e.,* reviewing photographs only) used by Ms. Richardson in forming her opinions is unreliable and has never been accepted by the court under the *Daubert* standard. Therefore, the Plaintiffs respectfully request that the Court exclude Ms. Richardson as an expert in this matter.

                                                        Respectfully submitted,

                                                        WILLIAMS & KEAHEY
Attorneys for Plaintiffs

*/s/ Bo  Keahey*

ROBERT  D. (BO) KEAHEY,  JR.
(ASB-KEAHR0241)

**OF COUNSEL:**

| WILLIAMS & KEAHEY, LLC | Ruth R. Lichtenfeld |
|---|---|
| Post Office Box 610 | TAYLOR MARTINO, PC |
| Grove Hill, Alabama 36451 | Post Office Box 894 |
| PH:  (251) 275-3155 | Mobile, Alabama 36601 |
| FX:  (251) 275-3102 | PH:  (251) 433-3131 |
| Email: Bo@WilliamsKeahey.com | Email: Ruth@taylormartino.com |

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system and/or by U.S. Mail, or electronic mail on this the 25th day of May, 2022.

Candace H. Newton
Joel S. Isenberg
Ian P. Shippey
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, Alabama 35243
Email: kcnewton@elylawllc.com
Email: jisenbery@elylawllc.com
Email: ishippey@elylawllc.com

                                                 */s/ Bo Keahey*
                                            _____
                                            ROBERT D. (BO) KEAHEY, JR.